IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Joe Devon Davis, | ) | Civil Action No. 6:09-cv-3328-RMG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden Lavern Cohen, | ) | |
| Respondent. | ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel. The Magistrate Judge recommended granting Respondent's summary judgment motion and denying Petitioner's motion to take discovery. (Dkt. No. 45). Petitioner has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

1

Having reviewed the Record for errors of law and finding none, this Court adopts the Magistrate Judge's recommendation as the Order of this Court and incorporates it herein. The Magistrate Judge has thoroughly examined Petitioner's claims and correctly decided that they are without merit. Petitioner complains that counsel was ineffective for failing to (1) argue that the petitioner was merely present at the scene of the crime and was not an active participant; (2) investigate the facts surrounding the case and the process by which the petitioner was identified as the perpetrator of the crime; (3) ascertain whether the confidential informant was reliable; and (4) object to the prosecution's false statements in the factual proffer made to support the guilty plea. But the Record demonstrates that it was Petitioner's decision to plead guilty. In fact, on over thirty occasions he indicated his desire to plead guilty to trial counsel. Moreover, the South Carolina trial and appellate courts properly applied the law with respect to the same ineffectiveness claims raised below now subject to this habeas petition. Thus, a thorough review of the Record reflects that Petitioner cannot demonstrate that the South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim or that the Court made objectively unreasonable factual findings. *See Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d), (e)(1).

Further, where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so

serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996). Here, Petitioner, cannot meet this high burden for the reasons addressed at length by the Magistrate Judge.

## Conclusion

Accordingly, the Respondent's motion for summary judgment is **granted** (Dkt. No. 18) and Petitioner's motion to conduct discovery is **denied** (Dkt. No. 31) as good cause does not exist as to permit discovery.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a

certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

      **AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 8, 2010
Charleston, South Carolina